UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| REGINALD RICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:17-CV-16; 2:01-CR-30 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### **MEMORANDUM OPINION**

On August 22, 2001, a jury convicted Reginald Rice ("Petitioner) for a crack-cocaine offense, and the Court sentenced him on December 13, 2001, to 262 month's imprisonment, to be followed by six years of supervised release [Docs. 42, 62, Case No. 2:01-CR-30]. Petitioner's judgment was affirmed on appeal [Doc. 73, *United States v. Rice*, 66 F. App'x 591 (6th Cir. 2003), Case No. 2:01-CR-30]. The Court denied Petitioner's later-filed motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Case Nos. 2:01-CR-30, 2:04-CV-171), but issued a certificate of appealability [Doc. 83, Case No. 2:01-CR-30]. The Sixth Circuit affirmed this Court's § 2255 decision [Doc. 88, *Rice v. United States*, No. 07-6292 (6th Cir. Apr. 23, 2009) (order), Case No. 2:01-CR-30].

Petitioner then returned to the Sixth Circuit with a counseled application for an order authorizing this Court to consider a second or successive § 2255 motion, based on a claim that his career-offender sentence under the United States Sentencing Guidelines ("USSG") was unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause in the

Armed Career Criminal Act ("ACCA") is unconstitutionally vague) [Doc. 1].[1] The United States opposed an order authorizing Petitioner to file a second or successive § 2255 motion [Doc. 2]; nonetheless, Petitioner obtained such an order [Doc. 4]. In the order, the Sixth Circuit instructed this Court to hold in abeyance Petitioner's second or successive § 2255 motion, pending a decision in *Beckles v. United States*, which would determine whether "*Johnson* requires the invalidation of the career offender guideline's residual clause in cases on collateral review" [*Id.* at 2]. This Court stayed the § 2255 motion on January 26, 2017 [Doc. 6].

On March 6, 2017, the Supreme Court decided *Beckles*, holding that the advisory guidelines "are not subject to a vagueness challenge . . . and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 894 (2017). This Court then entered an order, informing the parties that because the *Johnson* decision did not undermine sentences based on guidelines enhancements and because the Court believed that a summary denial was the appropriate disposition of Petitioner's second or successive § 2255 motion, the Court would follow that course of action, unless the parties timely filed a motion addressing the Court's contemplated disposition of the case [Doc. 7].

Petitioner did not file a motion with the Court. Instead, Petitioner provided the Court with a supplement to his second or successive § 2255 motion [Doc. 10]. In the supplement, Petitioner argued that *Beckles* had no effect on his *Johnson* claim because *Beckles* addressed advisory guidelines sentencing in place since *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that the guidelines were "effectively advisory"), whereas he is challenging a pre-*Booker* sentence, issued when the guidelines were mandatory [*Id.*]. The United States responded in opposition to

---

[1] All subsequent docket number citations in this Opinion refer to Case No. 2:17-CV-16, unless otherwise indicated.

2

the supplement [Doc. 13], and Petitioner replied to that response [Doc. 17]. Petitioner's second or successive 28 U.S.C. § 2255 motion, as supplemented [Docs. 1, 10], is ripe for review and resolution.

On May 31, 2000, in two separate recorded transactions occurring at 8:30 P.M. and 9:30 P.M., Petitioner sold a total of six rocks of crack cocaine to a confidential informant. At trial, the confidential informant identified Petitioner as the person who had sold him six rocks of cocaine. The jury convicted Petitioner of aiding and abetting the distribution of cocaine base (crack) in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. Petitioner was sentenced under USSG § 4B1.1 as a career offender based on two prior felony convictions—one for a conviction for attempted sodomy and one for heroin distribution.[2]

Petitioner asserts in his second or successive § 2255 motion and supplement that he is not subject to an enhanced sentence as a career offender because his prior conviction for attempted sodomy no longer qualifies as a "crime of violence" under USSG § 4B1.2(a) and that *Beckles* is inapposite to his claim. The United States argues in its response to the supplement that *Johnson* involved the ACCA and did not address the Sentencing Guidelines' career-offender provisions (the provisions under which Petitioner was sentenced); that the Supreme Court has not made *Johnson* retroactive to guidelines sentences on collateral review and has never recognized the precise right here asserted, much less deemed it retroactively applicable on direct review; and that *Johnson*, thus, offers Petitioner no basis for § 2255 relief from his career-offender enhanced sentence.

---

[2] A defendant qualifies for sentencing as a career offender if: (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a).

3

The Court finds that Petitioner's claim is foreclosed by the decisions in both *Beckles* and *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017). Section 2255(f) establishes a one-year period for filing a motion to vacate from four dates; the relevant one here is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *Raybon*, the Sixth Circuit explained that the law was unsettled as to whether *Johnson* applies to the residual clause in the mandatory Guidelines. *Raybon*, 867 F.3d at 630 ("Because [*Johnson*'s application to mandatory sentencing guidelines] is an open question, it is not a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'") (quoting § 2255(f)(3)).

Thus, in *Raybon*, the Sixth Circuit determined that the rule in *Johnson* did not create a right for those sentenced under the residual clause of the mandatory Guidelines in the pre-*Booker* era that was made retroactive, and that it does not restart the one-year statute of limitation in § 2255(f)(3). *Id.* at 629-30; *see also Chubb v. United States*, 707 F. App'x 388 (6th Cir. 2018) (finding a § 2255 motion time-barred because *Johnson* did not recognize a right applicable to petitioners who were sentenced under the pre-*Booker* mandatory Guidelines residual clause).

This means that Petitioner cannot take advantage of the date *Johnson* was issued to measure the one-year statute of limitations for filing his second or successive motion to vacate. Petitioner's statute of limitation for filing a § 2255 motion expired on September 2, 2004. (Petitioner's direct appeal was denied July 2, 2003, and his conviction became final on September 2, 2003, the first day that was not a federal Holiday after the lapse of the 90-day period to petition the Supreme Court for a writ of certiorari.). Accordingly, Petitioner's second or successive motion to vacate is time-barred. *See Chambers v. United States*, 763 F. App'x 514, 516 (6th Cir. 2019) (finding that

4

the movant cannot use the date of the *Johnson* decision to trigger a new statute of limitations under § 2255(f)(3) because *Johnson* was not applicable to his pre-*Booker* mandatory Guidelines sentence) (relying on *Raybon* as binding and on *Chubb* as instructive); *Polanco v. United States*, No. CV 16-3769 (KSH), 2019 WL 2385889, at *3 (D.N.J. June 6, 2019) (finding an authorized second or successive § 2255 motion raising the same *Johnson*-derived claim based on the mandatory Guidelines residual clause to be untimely under controlling circuit precedent).

Accordingly, a separate judgment will enter dismissing Petitioner's second or successive § 2255 motion to vacate, set aside, or correct sentence as untimely.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should issue. A COA should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). If there is a plain procedural bar and the district court is correct to invoke it to resolve the case, and a reasonable jurist could not find that either that the dismissal was error or that a petitioner should be allowed to proceed further, a COA should not issue. *Slack*, 529 at 484.

This Court is bound to follow *Raybon*, though that holding was called into question by the concurrence in *Chambers*, 763 F. App'x at 519-28 (Moore, J., concurring in judgment, agreeing that *Raybon* is binding but commenting that the decision was "wrong" and should be 'overturn[ed]"). Yet, the Sixth Circuit declined recently to revisit *Chambers*. *See Chambers v. United States*, No. 18-3298 (6th Cir. June 26, 2019) (order denying petition for rehearing en banc).

In this case, the procedural bar is plain and, thus, the Court finds that reasonable jurists could not find that its ruling on the timeliness of the motion was debatable or wrong. Because reasonable jurists could not disagree with the Court's denial of the § 2255 motion as time-barred and could not conclude that matter is "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will DENY issuance of a COA.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge